### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARVIN CARSELL McGEE, JR., an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| RANDY LAWMASTER, individually and in his official capacity and THE CITY OF TULSA, OKLAHOMA and DAVE BEEN, in his official capacity as Chief of Police for the City of Tulsa, | ) ) ) ) ) ) ) | Case No.  03-CV-0704-CVE-PJC |
| Defendants. | ) | |

### OPINION AND ORDER

Now before the Court is defendant City of Tulsa's Motion in Limine to Exclude the

Testimony of Plaintiff's Expert Witness Michael Lyman (Dkt. # 108).  Expert testimony is evidence

offered by a witness with scientific, technical or other specialized knowledge. Fed. R. Evid. 702.

Parties do not dispute that Michael D. Lyman, Ph.D., ("Lyman") has specialized knowledge in the

field of law enforcement.  Contrary to the general rule, an expert witness may offer opinion

testimony if such testimony is reliable and assists the trier of fact. Fed. R. Evid. 703.  An expert's

opinion is otherwise subject to the rules of evidence and may be excluded if its probative value is

outweighed by its potential for unfair prejudice or by the danger of confusing the jury.  Id.

According to the City of Tulsa ("City"), Lyman's testimony will not assist the trier of fact but,

rather, will confuse the jury.  See Fed. R. Evid. 401 and 403.

This section 1983 action centers around a rape investigation conducted by the Tulsa Police

Department which led to the wrongful conviction of plaintiff.  See 42 U.S.C. § 1983.  Lyman is an

expert in police procedure and his proposed testimony addresses the consequences of the City's

failure to implement policies for their Police Department's Sex Crimes Unit.  Specifically, Lyman

states that "[t]he City of Tulsa failed to establish policy and guidelines regarding appropriate steps

for police to follow in the investigation of rape offenses."  Dkt. # 108, Ex. 1, at 11.  Further, Lyman

opines that "[t]he failure of the City of Tulsa to establish such policy and procedure was a major

factor contributing to the misidentification of Arvin McGee in the rape of Cyndi Gilbert."  Id.

This case is easily distinguished from the two key cases cited in the City's motion: Marquez

v. City of Albuquerque, 399 F.3d 1216, 1222 (10th Cir. 2005), and Carr v. Castle, 337 F.3d 1221,

1230 (10th Cir. 2003).  Both Marquez and Carr were section 1983 actions which involved

allegations of excessive force by an officer.  In both, the Tenth Circuit upheld district court findings

that expert testimony was irrelevant and unfairly prejudicial where "the fact that someone with the

opportunity to prepare an expert report at leisure opines that well-trained officers would have

performed differently under pressure."  Carr, 337 F.3d at 1230; see Marquez, 399 F.3d at 1222 ("the

issues [the expert is prepared to testify about] of whether [Officer] Lehocky used the minimum

amount of force to apprehend Marquez and whether Lehocky violated some 'well established police

procedure' are only tangentially related.").  In contrast, this case involves municipal liability for

unreasonable seizure of plaintiff, unfair trial, and denial of due process based on the City's failure

to train officers in standard police procedure.  Unlike excessive force cases where expert opinions

about reasonable police conduct take advantage of 20/20 hindsight and, therefore, pose a danger of

misleading the jury, this case concerns police conduct while investigating a rape where they were

not forced to "make split-second judgments in certain difficult circumstances."  Marquez, 399 F.3d

at 1222 (quotation omitted).

Lyman's testimony is relevant and clear.  The City has conceded that testimony of a law enforcement expert is relevant to this trial.  On September 17, 2004, the City asked the Court for summary judgment based on the fact that, at that time, "there [was] no expert testimony to say that any policy, training or custom of the City of Tulsa is constitutionally inadequate in any particular way."  Reporter's Transcript of Proceedings had on September 17, 2004 Hearing on Summary Judgment Motions, at 9.  Plaintiff secured Lyman's expert testimony by November 2004, prior to a second hearing on motions for summary judgment.[1]  Lyman's testimony goes to whether plaintiff's constitutional rights were violated by the City's failure to adopt policies on police conduct in rape investigations.  As an expert, Lyman may testify on the ultimate issues for the jury.  See Evans v. Indep. Sch. Dist. No. 25 of Adair County, Okla., 936 F.2d 472, 476 (10th Cir. 1991) (Under Federal Rule of Evidence 704(a), an expert witness may "testify in the form of an opinion or inference even if that opinion or inference embraces an ultimate issue to be determined by the trier of fact.") (citations omitted).  Accordingly, plaintiff's expert testimony offered in this case is appropriate.

**IT IS THEREFORE ORDERED** that defendant City of Tulsa's motion in limine (Dkt. # 108) is **denied**.


**DATED** this 7th day of March, 2006.


_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT


---

[1]  The Court denied all motions for summary judgment on March 8, 2005.  Dkt. # 110.